IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
BREAKING GLASS PICTURES, : CASE NO. 1:13 CV 00800
:
Plaintiff, : <u>MEMORANDUM AND ORDER</u>
:
-vs- :
:
:
DOES 1-8, :
:
Defendants. :
-------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

In April 2013, plaintiff Breaking Glass Pictures filed this lawsuit against 8 Doe defendants, who allegedly infringed the plaintiff's copyright by transferring copies of a film entitled "6 Degrees of Hell" using a peer-to-peer file sharing protocol called BitTorrent. Upon review of the complaint and attached exhibits, the Court concludes *sua sponte* that the Doe defendants are improperly joined pursuant to Federal Rule of Civil Procedure 20(a)(2). The plaintiff's claims are severed, and the plaintiff is ordered to notify the Court on or before 14 October 2013 as to which defendant shall remain in the case.

**I. Discussion**

In April 2013, the plaintiff Breaking Glass Pictures filed this case and eight others in the Northern District of Ohio, alleging copyright infringement of a motion picture entitled "6 Degrees of Hell" ("Motion Picture"). Plaintiff's counsel is the same in each

case, and the complaints are identically pled. The nine cases were assigned to five different district court judges, and the progress in each case has varied. Seven of the cases remain open at various stages of litigation, and two were dismissed without prejudice.

In each case, the plaintiff alleges that the defendants infringed on the plaintiff's intellectual property rights by illegally transferring copies of the Motion Picture through the use of an interactive "peer-to-peer" ("P2P") file sharing protocol called BitTorrent. The BitTorrent protocol allows internet sharing of computer files through what is known as a "swarm," whereby individual participants share bits and pieces of a particular file until the entire file is downloaded. This process occurs with a certain degree of anonymity, as members of the swarm are identified only by an internet protocol ("IP") address. Consequently, none of the complaints identify any particular defendant, and no defendant has been served to date. The complaints differ only with respect to the IP addresses associated with the BitTorrent users who allegedly shared copies of the Motion Picture.

Judge James S. Gwin, faced with two lawsuits virtually identical to the present case, concluded as a matter of judicial discretion that the defendants were improperly joined. In determining whether joinder was appropriate under Federal Rule 20(a)(2), Judge Gwin reasoned as follows:

> Plaintiff's complaint says that "every John Doe infringer, in concert with its John Doe swarm members, is allowing others to steal" and that "each John Doe acts in an interactive manner with other John Does." Despite Plaintiff's statements, it is not at all clear that Defendants were part of the same transaction or occurrence. "Merely alleging that the Doe defendants all used the same file-sharing protocol, BitTorrent, to conduct copyright infringement of plaintiff's film without any indication that they acted in concert fails to satisfy the arising out the . . . same

> series of transactions or occurrences requirement." Furthermore, a defendant's participation in a swarm does not mean that the defendant is always present and active in the swarm. Plaintiff's IP address exhibits indicate that Defendants accessed the swarm at different times, on different days, using different BitTorrent clients. This suggests that Defendants were not wrapped up in a single factual occurrence.
>
> Beyond the joinder analysis, this Court is unconvinced that Plaintiff has even pleaded a prima facie case of copyright infringement. Here, Plaintiff provided only an IP address snapshot, and seeks to use that information to justify their suit. Given the nature of BitTorrent protocols, an individual could access the swarm, download a small piece of the copyrighted material that could be useless, and then leave the swarm without ever completing the download. To this end, the mere indication of participation weakly supports Plaintiff's conclusions.

<u>Breaking Glass Pictures v. Does 1-84</u>, Case No. 1:13-cv-00806, at 6 (N.D. Ohio 25 June 2013) (citations omitted). Having independently considered the relevant law and the facts of this case, the Court agrees with the reasoning set forth in Judge Gwin's opinion and accordingly adopts it.

## II. Conclusion

For the reasons stated above, the plaintiff's claims are severed. The plaintiff is ordered to notify the Court on or before 14 October 2013 as to which defendant shall remain in the case.

IT IS SO ORDERED.

                                              /s/ Lesley Wells
                                              UNITED STATES DISTRICT JUDGE

Date: 4 October 2013